UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM EDWARD WINTERS,

    Plaintiff,

v.

Case No. 10-12438
Hon. Lawrence P. Zatkoff

CITY OF OLIVET and
PETER LOTHAMER

    Defendants.
                                  /

### **ORDER**

This matter is before the Court on Defendant Peter Lothamer's motion to strike paragraph 46 of Plaintiff's complaint under Fed. R. Civ. P. 12(f) [dkt 7]. Plaintiff timely submitted a response brief, but Defendant did not timely submit a reply brief. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is DENIED.

This suit arises out of Plaintiff's termination of employment from Defendant City of Olivet. Briefly, Plaintiff contends that he was discharged for retaliatory reasons based on statements he made before the Olivet Public School Board regarding the school's decision to suspend his nephew. Plaintiff claims that his statements, which were supposed to be kept confidential, were leaked to his employer and co-workers, who disapproved of his statements and eventually terminated his

employment in retaliation. On July 6, 2010, the Court dismissed Plaintiff's state-law claims for wrongful discharge, intentional infliction of emotional distress, and discharge against public policy, leaving only Plaintiff's claim for retaliatory discharge under 42 U.S.C. § 1983.

Defendant Lothamer, one of Plaintiff's former co-workers, asks the Court to strike paragraph 46 of Plaintiff's complaint, which states:

> At this time, Defendant told the Plaintiff that the "honorable" thing to do after failing a drug test was to quit. Defendant equated Plaintiff's positive drug test to an inappropriate sexual relationship the Defendant Peter Lothamer had with his sister when they were younger. Defendant stated that he felt compelled to quit a job at the Dorris Klaussen Center for Children, as it was the "honorable" thing to do, when he worried that she would report what he had done to her.

Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Defendant Lothamer asserts that paragraph 46 is immaterial and impertinent to Plaintiff's claim for retaliatory discharge, and that it is scandalous. However, Defendant Lothamer does not offer any explanation as to why the paragraph is immaterial and impertinent to Plaintiff's claim.

Plaintiff, on the other hand, argues that paragraph 46 is material and pertinent to his retaliatory discharge claim because it illustrates the mind-set of Defendants, including their desperation to rid themselves of Plaintiff. Having declined to explain why paragraph 46 is immaterial and impertinent to Plaintiff's claim or rebut Plaintiff's explanation as to why the paragraph is material and pertinent, the Court finds that Defendant Lothamer has failed to establish an adequate basis upon which to strike paragraph 46 pursuant to Fed. R. Civ. P. 12(f).

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to strike paragraph 46 of Plaintiff's complaint under Fed. R. Civ. P. 12(f) [dkt 7] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  October 6, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 6, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290